## ROBERSON v. GORDON et al.

(Court of Appeals of District of Columbia. Submitted October 12, 1921. Decided November 7, 1921.)

No. 3492.

1. Equity ⚙⟳48—Remedy at law for breach of warranty and of contract to build a house is adequate.

   A bill whose allegations show that the relief sought by plaintiff was based upon breach by defendant of a special warranty in a deed and of an oral contract to build a house for plaintiff discloses no equity, since the remedy at law for such breaches is adequate.

2. Trial ⚙⟳11 (3)—Where plaintiff might have remedy at law, he can transfer to law side.

   Where plaintiff's bill disclosed he had no right of action under a written contract set out, but also alleged an oral contract under which he would have a right of action for damages, he will be permitted to apply for a transfer of the case to the law side under law rule 76 of the trial court.

Appeal from the Supreme Court of the District of Columbia.

Suit by James R. Roberson against Fulton R. Gordon and others. From a decree dismissing the bill for want of equity, plaintiff appeals. Decree modified to permit plaintiff to apply for transfer to the law side of the court, and as modified affirmed.

Raymond M. Hudson, of Washington, D. C., for appellant.
A. Coulter Wills, of Washington, D. C., for appellees.

⚙⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SMYTH, Chief Justice. The appellant as plaintiff brought suit against the appellees for the purpose of having set aside certain transactions which he had with them concerning the purchase of a lot and the building of a house. His bill was dismissed for want of equity.

It is not clear upon what he intends to rest his suit. He alleges that the appellee Fulton R. Gordon advertised in one of the local papers that he would "put up a house for you at about $2,000 less than you can buy it ready built, ready May 1st: $1,000 cash and I'll loan you the rest"; that he answered this advertisement, and after some negotiations with appellee Ruby Lee Minar, who was, he alleges, the agent of Gordon, he entered into a written contract with her whereby he agreed to purchase lot 5 in block 1995, in Chevy Chase Grove, paying $800 cash and giving for the balance sixty $20 monthly notes, and one note payable in five years.

The contract is set out, but there is nothing in it with respect to the building of a house. When he inquired about the building of the house, Gordon told him that he would not build it but would help him raise the necessary money through a building and loan association. Later it developed that neither Gordon nor Minar had title to the lot mentioned in the contract. Gordon proposed to convey to him in place of it lot 5 in square 1996, build a house on it to cost not more than $6,500, save appellant $2,000, and have the house completed on May 1, 1920; and added that if appellant would not take the lot he would lose the $800 which he had deposited. Fearing the loss of the $800, and relying upon the representations which had been made to him, appellant accepted a deed for the last-mentioned lot from John M. Minar and Ruby Lee Minar, and executed and delivered sixty monthly notes of $20 each and one five-year note for $600, payable to Ruby Lee Minar and secured by a trust upon the lot. The deed contains a special warranty.

[1]. He charges that Gordon has refused to carry out his agreement with respect to the building of the house and that the lot conveyed to him is incumbered by a trust. It is apparent, therefore, that he attempts to set out two contracts, one written and the other oral, without indicating upon which he relies. But however that may be, it is manifest that what he complains of is the breach of an alleged contract to build a house, and the breach of the special warranty. With respect to these breaches the law affords him an ample remedy by an action for damages. Therefore the action of the lower court in holding that the bill did not state a cause for relief in equity was right.

[2] If he is bound by the written contract, he has no cause of action at law for failure to build the house; but if he is not, and can establish that an oral contract, such as may be worked out of the allegations of his bill, was substituted for it, he might have a cause of action. We think he should be given an opportunity to establish what he can do on the law side of the court, and hence that the decree should be modified so as to permit him within ten days from the going down of the mandate to apply for a transfer of the case under law rule 76 of the trial court.

As so modified, the decree is affirmed, and costs are assessed against the appellant.

Affirmed as modified.